**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LONNIE LAWRENCE MERCER, JR.,

      Petitioner,

v.

                                Case No.:  3:22-cv-1118-TJC-SJH
                                         3:18-cr-175-TJC-SJH

 UNITED STATES OF AMERICA,

      Respondent.

---

### <u>ORDER</u>

This case is before the Court on Petitioner Lonnie Lawrence Mercer, Jr.'s, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1).[1] In 2019, Petitioner pled guilty to one count of possession of child pornography. He challenges his conviction and sentence based on claims of trial court error and the ineffective assistance of counsel. The United States responded in opposition (Civ. Doc. 5), and Petitioner replied (Civ. Doc. 9). The case is now ripe for review.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is unnecessary to decide the matter. No evidentiary hearing is required because Petitioner's allegations are

---

[1]     Citations to the record in the criminal case, <u>United States v. Mercer</u>, No. 3:18-cr-175-TJC-SJH, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:22-cv-1118-TJC-SJH, will be denoted "Civ. Doc. __."

affirmatively contradicted by the record or would not entitle him to relief even if the facts he alleges are assumed to be true. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015). For the reasons below, Petitioner's § 2255 Motion is due to be denied.

## I.   Background

On October 4, 2018, a federal grand jury returned an indictment charging Petitioner with three counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) (Counts One, Two, and Three) and one count of possession of child pornography in violation in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2) (Count Four). (Crim. Doc. 1.) Pursuant to a plea agreement, Petitioner entered a guilty plea to possession of child pornography (Count Four), and the Government agreed to dismiss Counts One through Three. (Crim. Docs. 41, 91.) The Magistrate Judge who presided over the plea hearing recommended that, having cautioned Petitioner and examined him under oath about each subject in Rule 11, Federal Rules of Criminal Procedure, Petitioner knowingly and voluntarily admitted facts that established the elements of the offense. (Crim. Doc. 42.) The Court accepted Petitioner's guilty plea and adjudicated him accordingly. (Crim. Doc. 45.)

At the parties' requests, the undersigned continued sentencing several times, *see* Crim. Docs. 52, 54, 61, 69, 78, and on October 26, 2020, the sentencing hearing was conducted. After hearing argument and considering the evidence,

the Court overruled Petitioner's objection to the guidelines sentencing calculation and sentenced him to the guidelines sentence of 240 months of imprisonment, which was also the statutory maximum. (Crim. Docs. 82, 87.) In accordance with the plea agreement, the Court dismissed Counts One, Two, and Three. (*Id.*)

Petitioner appealed the Judgment. Appellate counsel entered an appearance, submitted an Anders[2] brief addressing the voluntariness of the plea and whether Petitioner's sentence was subject to reversible error, and moved to withdraw as counsel. (Civ. Docs. 5-1 at 259, 264-69); see also United States v. Mercer, No. 20-14224 (11th Cir. 2021), Doc. 14 (Anders brief). The Eleventh Circuit Court of Appeals provided Petitioner an opportunity to respond to appellate counsel's motion to withdraw and to present any arguments he believed had merit, but Petitioner did not do so. (Civ. Doc. 5-1 at 270); see also Mercer, No. 20-14224 (11th Cir. 2021). The Eleventh Circuit conducted an independent review of the record, agreed with appellate counsel's assessment that there were no arguable issues of merit, affirmed Petitioner's conviction and sentence, and granted counsel's motion to withdraw. (Civ. Doc.

---

[2] Under Anders v. California, 386 U.S. 738, 744 (1967), "if [appellate] counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." The appellate court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id.

5-1 at 271-72.)

Petitioner did not seek certiorari review with the Supreme Court of the United States. This § 2255 proceeding timely followed.[3]

## II.     Discussion

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 authorizes a district court to grant relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

A § 2255 movant "bears the burden to prove the claims in his § 2255 motion." Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015); see also Beeman v. United States, 871 F.3d 1215, 1221–23 (11th Cir. 2017). If "'the evidence does not clearly explain what happened … the party with the burden

---

[3]     Initially, Respondent argued that this action was untimely filed. *See* Civ. Doc. 5 at 7-10. However, after Petitioner filed his reply to the response to the § 2255 Motion, the Government filed a notice withdrawing the affirmative defense. (Civ. Doc. 11.)

4

loses.'" Beeman, 871 F.3d at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)). A § 2255 movant will not be entitled to relief, or an evidentiary hearing, "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

"[A] collateral attack is the preferred vehicle for an ineffective-assistance claim." United States v. Padgett, 917 F.3d 1312, 1318 (11th Cir. 2019). To establish ineffective assistance of counsel, a § 2255 petitioner must show both: (1) that his counsel's performance was constitutionally deficient, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether counsel was deficient, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). "In the light of the 'strong presumption' that counsel's actions [fell] within the wide range of constitutionally adequate assistance, a movant 'must establish that no competent counsel would have taken the [challenged] action.'" Khan v. United States, 928 F.3d 1264, 1272 (11th Cir. 2019) (quoting Chandler v. United States, 218 F.3d 1305, 1314-15 (11th Cir. 2000)). To establish prejudice, the petitioner must show a reasonable likelihood that the result of the proceeding would have been different but for counsel's error. Martin, 949

F.3d at 667 (citing <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010)). The Court considers the totality of the evidence in determining whether a petitioner has established deficient performance and prejudice. <u>Strickland</u>, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.

**A. Ground One**

Petitioner argues that appellate counsel rendered ineffective assistance by filing an <u>Anders</u> brief. (Civ. Doc. 1 at 4.) According to Petitioner, counsel knew or had reason to know, at the time of the plea, that Petitioner was taking 40 milligrams of Prozac and 15 milligrams of Remeron and "was under the direct influence of these high dose medications." (<u>Id.</u>) Petitioner contends that an expert was needed to determine the mental effects of these medications and to show that the medications, coupled with his insomnia, caused him to enter the plea although Petitioner told his attorney he was innocent. (<u>Id.</u>) Essentially, Petitioner argues that his plea was involuntary because he was not competent to enter the plea, and appellate counsel was ineffective for failing to raise the issue on appeal.

"Federal Rule of Criminal Procedure Rule 11 'imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the

6

defendant makes a knowing and voluntary guilty plea.'" United States v. Gandy, 710 F.3d 1234, 1240 (11th Cir. 2013), overruled in part on other grounds by Johnson v. United States, 576 U.S. 591(2015), (quoting United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000)). To do so, the district court must ensure that "'(1) the guilty plea. . . [is] free from coercion; (2) the defendant. . . understand[s] the nature of the charges; and (3) the defendant. . . know[s] and understand[s] the consequences of his guilty plea.'" Id. (quoting Hernandez-Fraire, 208 F.3d at 949).

"The due process clause prohibits the trial or guilty plea conviction of a person who is mentally incompetent." Sheley v. Singletary, 955 F.2d 1434, 1437 (11th Cir. 1992). To be competent to enter a plea, the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and [have] 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). "[A]n allegation of mental illness or other mental disability does not invalidate a guilty plea if the defendant was still competent to enter that plea." United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014); see also Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1101 (11th Cir. 2009) (without evidence of the defendant's inability to assist counsel, his "low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic

7

drugs is not sufficient to show incompetence").

At the plea colloquy, the Magistrate Judge asked Petitioner if he was under the care of a physician or psychiatrist. (Civ. Doc. 5-1 at 145.) Assistant Federal Public Defender ("AFPD") Lisa Call advised the Magistrate Judge that Petitioner was seeing a doctor and a counselor at the Nassau County Jail. Petitioner, who was under oath, affirmed that he was seeing these medical professionals because he was "manic depressant." (Id.) The Magistrate Judge asked Petitioner if he was under the influence of any drugs or intoxicants. In response, Petitioner indicated that he had not had any alcohol or drugs other than his prescribed Prozac and Remeron. (Id.) Petitioner affirmed that the drugs were antidepressants and that he was taking 40 milligrams of Prozac and 15 milligrams of Remeron daily for depression. (Id. at 145-46.)

The Magistrate Judge asked Petitioner if the Prozac or Remeron in any manner adversely affected his ability to think clearly. (*Id.* at 146.) Petitioner responded negatively. (Id.) The Magistrate Judge further inquired if Petitioner suffered from any other mental or emotional disorder or illness, and Petitioner responded no. (Id.) When the Magistrate Judge asked if Petitioner understood where he was, what he was doing, and the importance of the proceeding, Petitioner said he did. (Id.) Further, AFPD Call indicated that she had no doubt about Petitioner's competency to proceed. (Id. at 146-47.)

Thereafter, the Magistrate Judge advised Petitioner of (1) the rights he

would be waiving by entering the plea, (2) the application of the sentencing guidelines, (3) the charge to which he was pleading guilty, (3) the elements the Government must prove to convict Petitioner of the offense, and (4) the penalties Petitioner faced by entering the plea. (Id. at 148-52.) Petitioner affirmed he understood and said he had no questions. (Id.)

Petitioner also indicated that he had read and understood the plea agreement and that counsel had answered all his questions about the agreement. (Id. at 152-53.) The Magistrate Judge explained that the plea agreement contained a sentence appeal waiver that limited Petitioner's ability to appeal except in limited circumstances. (Id. at 155.) Petitioner affirmed he understood the appellate rights he was waiving. (Id.)

Before accepting the plea, the Magistrate Judge asked Petitioner if he understood everything discussed previously or had any questions. (Id.) Petitioner indicated he understood everything and had no questions. (Id.) After Petitioner entered the plea, he again affirmed that he understood what he was doing by entering the plea and he confirmed that the factual basis of the plea agreement was accurate. (Id. at 155-59.) Petitioner also affirmed that he freely and voluntarily entered the plea and that no one threatened, forced, coerced, or intimidated him to enter it. (Id. at 158.) Further, Petitioner indicated that he had sufficient time to discuss the case with AFPD Call, was satisfied with her representation, and had no complaints about her representation. (Id. at 159.)

9

Finally, Petitioner again affirmed that he understood all the rights he was giving up by pleading guilty and understood everything discussed during the plea hearing. (Id. at 159-60.)

From the plea colloquy, and as addressed in the Anders brief, the Court ensured that Petitioner freely entered the plea without coercion, understood the nature of the charge, and understood the consequences of entering the plea. There is no indication that Petitioner lacked the ability to consult with his lawyer with a reasonable degree of rational understanding or did not have a rational and factual understanding of the proceedings against him. In fact, Petitioner affirmed that he had adequate time to consult with counsel, had no questions, and understood everything discussed in the plea hearing despite taking Remeron and Prozac. Consistent with Petitioner's representations, AFPD Call maintained that she had no reservations about Petitioner's competency to enter the plea. Petitioner, therefore, was competent to enter the plea and knowingly and voluntarily did so.

Given Petitioner's sworn representations at the plea hearing and AFPD Call's representation that she had no doubts about Petitioner's competence, appellate counsel was not deficient for filing an Anders brief. Moreover, the Eleventh Circuit reviewed the entire record and concluded there were no meritorious issues. In sum, Petitioner has not demonstrated deficient performance or that a reasonable probability exists that the outcome of his

10

appeal would have been different had counsel not filed an <u>Anders</u> brief. Accordingly, Ground One is denied under <u>Strickland</u>.

**B. Ground Two**

Petitioner asserts that AFPD Call was ineffective for allowing him to plead guilty while taking high doses of Remeron and Prozac and suffering from lack of sleep. (Civ. Doc. 1 at 5.) Petitioner maintains that counsel knew that he believed he was innocent "yet coerced his tranquilized mind into pleading guilty." (<u>Id.</u>)

As discussed above, Petitioner's sworn representations at the plea hearing refute this ground. A defendant's sworn representations at the plea hearing constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). As affirmed by Petitioner during the plea colloquy, his use of Remeron and Prozac did not affect his ability to understand what he was doing or impair his cognitive function in any manner, and he had no other mental impairment. Petitioner repeatedly affirmed that he understood the rights he was waiving by entering the plea, the consequences of entering it, and the nature of the charge to which he was pleading guilty. Further, Petitioner had the ability to consult with counsel with a reasonable degree of rational understanding, and from his representations at the plea hearing, in fact did so, and he had a rational and factual understanding

11

of the proceedings against him. Petitioner, therefore, has not shown that counsel was deficient for allowing him to enter the plea, and prejudice did not result from counsel's alleged deficient performance. Accordingly, Ground Two is without merit under Strickland.

### C. Ground Three

Petitioner alleges that the "Court knew or should have known that Remeron acts as a tranquilizer on brain function." (Civ. Doc. 1 at 7.) Petitioner contends that the Court should have ordered "reports on the effects Remeron and no sleep had on [his] ability to 'know' and 'voluntarily' plead guilty." (Id.)

Respondent argues that this ground is procedurally defaulted because Petitioner failed to raise it at sentencing or on direct appeal. See Civ. Doc. 5 at 10-13. "If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused." Seabrooks v. United States, 32 F.4th 1375, 1384 (11th Cir. 2022) (citing McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011)). "To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." Id.

To demonstrate cause for failing to raise a claim in an earlier proceeding, a petitioner must establish "'some external impediment preventing counsel from constructing or raising the claim.'" High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). Cause

12

may be demonstrated by attorney error that constitutes ineffective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 753–54 (1991), holding modified by Martinez v. Ryan, 566 U.S. 1 (2012). To show "prejudice," a petitioner must establish that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). A petitioner may demonstrate application of the fundamental miscarriage of justice exception by demonstrating "actual innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "'[A]ctual innocence' means *factual* innocence, not mere legal insufficiency." Id. at 1197 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)) (emphasis in original).

Petitioner failed to raise this ground at or before sentencing or on direct appeal. Consequently, Ground Three is procedurally defaulted absent application of an exception to the procedural default bar. Petitioner has not demonstrated cause and prejudice to overcome the default. Nor has he established that he is actually innocent. Accordingly, Ground Three is procedurally barred from review and denied. Alternatively, Ground Three is denied on the merits.

**D. Reply**

In his Reply (Civ. Doc. 9 at 3-4), Petitioner appears to raise additional claims not contained in the § 2255 Motion. Specifically, Petitioner complains

that counsel (1) failed to obtain forensic experts to identify the "adult" that was in the picture, (2) ignored his instruction that he was "'set-up' by a woman who was jealous, or a man who did not like" him, and (3) failed to obtain experts to show that he "could not have taken the photo based on the angle of camera and person portrayed." (Id.) Petitioner did not move for leave to amend the § 2255 Motion to raise these claims.

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires that a petitioner "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground" in the § 2255 motion. If a petitioner wishes to raise additional claims not included in the original pleading, he must move for leave to amend. See Fed. R. Civ. P. 15. Because Petitioner raises claims not included in the § 2255 Motion (Civ. Doc. 1) and did not obtain leave to raise them, they are not properly before the Court. Moreover, the additional allegations are contradicted by the record, waived by Petitioner's knowing and voluntary guilty plea, without merit under Strickland, and do not support § 2255 relief.

### IV.    Conclusion

Having considered each of Petitioner's grounds, and finding that none warrants relief under 28 U.S.C. § 2255, it is hereby **ORDERED:**

1. Petitioner Lonnie Lawrence Mercer, Jr.'s, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is

**DENIED**.

2. The Clerk will enter judgment in favor of the United States and against Petitioner and close the file.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability (COA). Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of March, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

C:
Counsel of record
Pro se petitioner

---

[4] The Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.